## JEAN ADOLPHE BLANC *v.* THE NEW ORLEANS IMPROVEMENT AND BANKING COMPANY.

An agent is entitled to recover expenses incurred by him in the execution of his agency, even when he has been absolutely unsuccessful, unless it be shown that it was the intention of the parties that the principal should pay nothing in case of failure. Otherwise, with a broker employed to sell a house, who, whether successful or not, is not entitled to recover money spent by him in his agency.

A broker can claim nothing unless a bargain be effected.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

*J. F. Pepin*, for the plaintiff.   No counsel appeared for the appellant.

MARTIN, J.*   The plaintiff, Blanc, claims two thousand five hundred dollars, for his travelling expenses, under the following written contract : " J. A. Blanc, being about to go to Europe, will attend to the negotiation of a loan of three millions of francs, for the bank, who will pay him, for his care (*ses soins*) a commission of three per cent, after the loan shall have been effected ; the bank lend s him one thousand dollars, on his note at twelve months, which is to become payable sooner, should he become entitled to any commission, under this contract, before the end of the year ; the contract to be in force until the 1st of January, 1840, a period of about ten months.   If renewed afterwards, the payment of the note to be protracted until the expiration of the new contract."

The answer avers that the plaintiff did not succeed in effecting

* MORPHY, J., being interested, did not sit on the trial of this case.

any loan, and is therefore entitled to no compensation ; and claims the amount of his note, in reconvention. The plaintiff had judgment for fifteen hundred dollars, the judge *a quo* being of opinion that the right of a mandatary to his expenses, being a legal right, can only be cut off by the express contract of the parties ; that no such express agreement appears ; and that although there is a color for the defence made, that it was not sufficiently strong to destroy the right. The defendants appealed.

The record shows that the defendants admitted that the plaintiff visited France, England, Switzerland, Italy, Piedmont and so forth, in his attempt to effect the loan, and that he used his best efforts therefor. The plaintiff admitted his signature to the note, and its protest for non-payment. His counsel has referred us to the Civ. Code, arts. 2991 and 2278. Nap. Code, art. 1999. Duranton, book 18, p. 269. Locré, Legislation, book 8, p. 355. Pothier, traité du Mandat, No. 68, *et seq.*

These authorities show that the agent is entitled to the reimbursement of the expenses he has incurred in the execution of his agency, even where he has been absolutely unsuccessful. This is certainly true, where the contract does not show that it was the intention of the parties that the principal should pay nothing in case the object of the agency was not effected, and in case of success a *per centage* merely ; as in the case of a broker employed to sell a house, who, whether he succeeds or not, is not entitled to the reimbursement of money spent in hack, cab, or horse hire, in looking for a purchaser. In the present case, it results from the contract that the plaintiff was employed, because he was going to Europe, on other affairs than those of the agency for the bank. He obtained an advance of one thousand dollars, on an express promise to repay the amount, which excludes the idea that he might retain the sum or any part thereof for his expenses. When the contract speaks of his payment, the period is expressly stated to be after the loan is effected. The impression which the consideration of this case has left upon our minds, is, that the plaintiff, who was about visiting Europe, on other affairs than those of the defendants, was desirous of obtaining, from them a loan of one thousand dollars, and of availing himself of a chance of obtaining a commission of eighteen thousand, and that the contract

was merely one of brokerage, where nothing is paid, unless a bargain is effected.

It is therefore ordered, that the judgment be reversed, and that there be judgment for the defendants on the plaintiff's petition, and that the latter recover from him on their plea in reconvention, the sum of one thousand dollars with interest at the rate of five per cent per annum, from the 15th of February, 1840, until paid ; with costs in both courts.*

---

* *Pepin* for a re-hearing urged : 1. That the court had erred in assuming as a fact, that the plaintiff went to Europe on other business than that of his agency for the bank, the admission of the defendants having shown the contrary. 2. That it erred in declaring that a broker is entitled to no compensation, unless a purchase or sale be effected by him. The Civ. Code, art. 2986, says that the obligations of a broker are similar to those of ordinary mandataries. Their duties being the same as other agents, their rights should be the same. *Eadem ratio, eadem lex.* Art. 2991, which declares that the expenses and charges of an agent should be reimbursed, speaks of all agents ; it makes no distinction. *Ubi lex non distinguit, non debemus distinguere.* That agents are in all cases entitled to this reimbursement, see Story on Agency, 335. Livermore on Agency, b. 2, pp. 1, 2, 11—33 See also, Paley on Agency. Pothier, du Mandat, 68—71, 78, 79. Duranton, liv. 18, p. 269. 3. But admitting that brokers are not entitled to compensation unless they succeed, the facts show that the plaintiff did not act as a broker, but as an attorney empowered to procure a loan. Story on Agency, sec. 28. "*Il n'est point également possible,*" says Pardessus, Droit Comm. part. 1, tit. 1, ch. 1, sect. 7, No. 41, "*de confondre le courtier avec le simple fondé de pouvoir ou le préposé ; car s'ils ont cela de commun qu' ils ne s'obligent point en leur nom propre, il y a toujours cette différence essentielle que le mandataire, ou le préposé, ne se borne pas à être intermédiaire pour porter et discuter des propositions, mais il achève et conclut l'affaire qui lui est confiée dans la mesure des pouvoirs qu'il a reçus.*" 4. The court erred in inferring, from the circumstance that the loan of $1000 was to be repaid, that the plaintiff was not to have his expenses reimbursed. The agreement to repay the $1000, is not inconsistent with the payment of the expenses incurred by the plaintiff.

*Re-hearing refused.*